NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICK MANUEL CAMARENA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-71771

Agency No. A205-022-904

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before: BEA, CHRISTEN, and BRESS, Circuit Judges.

Erick Manuel Camarena ("Petitioner") seeks review of the Board of

Immigration Appeals' ("BIA") order that dismissed his appeal of the immigration

judge's ("IJ") order which denied his application for withholding of removal. We

have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* Respondent's unopposed motion to submit this case on the briefs
without oral argument was granted in a Clerk order.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). "We review the agency's factual findings under the 'extremely deferential' substantial-evidence standard, under which we treat such findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)); 8 U.S.C. § 1252(b)(4)(B). To be eligible for withholding of removal, Petitioner "must show a 'clear probability' of persecution because of a protected ground," which "'requires objective evidence that it is more likely than not that . . . [he] will be subject to persecution upon deportation'" and that "a cognizable protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (citations omitted); *see also* 8 U.S.C. § 1231(b)(3)(A).

1. Petitioner, who has not suffered past persecution, argues that it is more likely than not that he will be harmed by the terrorist organization Sendero Luminoso if he returned to Peru because of an imputed anti-terrorist political opinion. Petitioner testified that he fears returning to Peru because his neighbor, an anti-terrorist activist, was murdered in 1996 when Petitioner was approximately 9 years old and resided in a town near Lima. Petitioner believes Sendero Luminoso committed the murder because of the brutal manner in which the neighbor was

2

killed. Petitioner's mother was friends with the neighbor and worked with her and other mothers in a group that prepared food for others in the town. Petitioner testified that he and his mother left Peru because of the murder approximately eight months later.

The BIA affirmed the IJ's reasoning and holding that Petitioner did not establish that it was more likely than not that he would be persecuted in Peru on account of a protected ground. The IJ found "there is no evidence in the record that the events of nearly 20 years ago would be imputed to [Petitioner] today as an independent adult returning from the United States after living away from his home country." The IJ also found that Sendero Luminoso "is still active in some parts of Peru, but the record does not support [Petitioner's] claimed fear that it is more likely than not that he would be harmed if he returns to Peru on account of . . . the imputed political opinion."

The evidence in the record does not compel us to disagree. Petitioner was a child when his neighbor was murdered approximately 26 years ago. Petitioner has not claimed that his mother was herself an anti-terrorist activist. And neither he nor his mother were physically harmed for eight months following the murder before they left Peru.

2. Petitioner also argues that he would be persecuted if he returned to Peru because of his membership in a particular "social group that will be targeted by the

*Sendero Luminoso* for extortion." Petitioner testified that he believes Sendero Luminoso would target him for kidnapping in part because "[t]hey would think [that] I would have money since . . . I'll be coming from [the United States]."

The BIA dismissed Petitioner's claim for relief based on membership in a particular social group targeted by Sendero Luminoso for extortion on the grounds that Petitioner "waived" it by failing to raise the argument before the IJ and, alternatively, because "the proposed particular social group is not cognizable under the Act."

Petitioner does not acknowledge or challenge the BIA's holding that he "waived" his argument, and therefore forfeits his claim based on membership in a particular social group targeted for extortion by Sendero Luminoso. *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) ("This court 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998))). We also agree with the BIA's alternative holding that Petitioner failed to establish that he belongs to a cognizable particular social group. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) ("[I]ndividuals 'returning to Mexico [from] the United States [who] are believed to be wealthy'" do not qualify as a particular social group. (alterations in original)); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[T]he proposed group of 'imputed wealthy

4

Americans' is not a discrete class of persons recognized by society as a particular social group.").[1]

**PETITION DENIED.**

---

[1] Petitioner's brief mentions claims for asylum and protection under the Convention Against Torture ("CAT"). In proceedings before the agency Petitioner stated that he was not seeking asylum or protection under the CAT. Thus, to the extent Petitioner raises claims to asylum and protection under the CAT now, we lack jurisdiction to hear them and dismiss the petition. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).